NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY ANDREW KELLIS, | No.    18-36058 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00081-BLW |
| v. | |
| LEVI WILLARD, Corporal/Property Officer ISCC - individually and in their official capacity, | MEMORANDUM* |
| Defendant-Appellee, | |
|  and | |
| HENRY ATENCIO; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted December 11, 2019**

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Timothy Andrew Kellis, a Texas state prisoner formerly incarcerated in Idaho, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Kellis's action because Kellis failed to allege facts sufficient to link defendant Willard to any constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (setting forth requirements for supervisory liability); s*ee also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (conclusory allegations are not entitled to presumption of truth); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Kellis's state law claims because Kellis failed to state a federal claim. *See Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir. 2001) (setting forth standard of review and explaining that a district court may decline to exercise supplemental jurisdiction over related state law claims once it

has dismissed all claims over which it has original jurisdiction).

**AFFIRMED.**